Otto Beindorff, appellant, v. Paul Anthes, administra-
tor, appellee.

Filed March 16, 1917. No. 19205.

Wills: Contest: Question for Jury. In this, a contest over the pro-
bate of a will, the evidence is examined, and, there being no tes-
timony supporting the allegation of undue influence, the court
properly withdrew that question from consideration by the jury.

Appeal from the district court for Douglas county: Lee
S. Estelle, Judge. *Affirmed.*

*W. J. Connell* and *Herbert J. Connell,* for appellant.

*Weaver & Giller, contra.*

Cornish, J.

The trial in the lower court resulted in a verdict for the
proponent of the will in question. This appeal is taken to
vacate the judgment rendered on the verdict.

The error assigned is the instruction of the trial court
that the evidence did not support the allegation of the
plaintiff that the will was made under duress and through
the undue influence of Mrs. Burnett, the daughter of the
deceased, Charles Beindorff, with whom she lived for some
months previous to the making of the will and for over 7½
years afterwards, when he died at the age of 85 years. He
left an estate variously estimated at from $20,000 to $70,-
000. He bequeathed the bulk of his estate to Mrs. Burnett;
$1,000 each to her two children; $500 each to the children
of his deceased son, Charles F.; the same amount to the
two eldest children of his son Otto, the contestant; nothing
to his grandson Charles; and $1 to Otto. So far as the evi-
dence shows, he was on good terms with his grandchildren
and had always helped the families financially. The testi-
mony is somewhat conflicting as to his relations with his
son Otto. Otto was given to strong drink and was frequent-
ly in financial distress. The will recites that Otto has "re-

ceived advances from my estate in excess of his distributive share." The evidence shows that the father supported Otto and his wife for four years while they were in Europe, the former studying music, and that he also helped his son Charles in business enterprises, and lost money advanced. According to testimony of certain witnesses, the deceased had said that Charles had received advancements equal to his distributive share. There is evidence showing that when Otto could not get money from his father he would sometimes become very abusive. This testimony is denied. In a letter to his sister, Otto solicits her aid in securing $50 "to avoid a cussing from Pa and excitement to you."

As bearing upon undue influence, Adolph Holz, who worked in the family in 1907, a year after the will was made, testifies that when Otto wanted to borrow a dollar to buy coal Mrs. Burnett objected, but her father permitted Otto to have a sack of coal. According to this witness, she would prevent her father from giving Otto money. The witness Ish testifies that Mrs. Burnett told him that she had to manage the business, and that when she asked or required her father to do anything he would do it. When asked if he had ever known deceased to comply with any order or direction his daughter gave him, the witness replies : "He would do what she said, and did do it." He also testifies that after the will was made, in a conversation he had with her, she anticipated litigation over the will. When these conversations occurred, the evidence does not disclose. The witness also testifies that, from 1900 on, the deceased failed mentally and physically, so as not to be mentally competent to transact business. This issue of fact was submitted to the jury, which found against the contestant.

It is unnecessary to go further into the details of the evidence. While the jury might believe from the evidence that the will was unfair, there appears to be an entire absence of evidence of the exercise of undue influence on the part of Mrs. Burnett, connected with the execution of the will and operating at the time it was made; that at the time the testator's mind was so overmastered that her will was sub-

stituted for his. While the intentional exercise of undue
influence, destroying the free agency of the testator, may be
shown by circumstantial evidence, it is not sufficient to
show merely that the person may have power to unduly
overbear the will of the testator. The evidence must go fur-
ther and show that by the exercise of that power the will
was, in fact, procured. Mere suspicion, conjecture or guess
that undue influence has been exercised is not sufficient. In
*Boggs v. Boggs,* 62 Neb. 274, this court used language as
follows: "The burden is upon the contestants to establish
undue influence, and in so doing it is not enough to show
that the circumstances attending execution of the will are
consistent with the hypothesis of its having been obtained
by undue influence; it must be shown that they are incon-
sistent with a contrary hypothesis."

Finding no error in the record, the judgment of the dis-
trict court is

AFFIRMED.

HAMER, J., dissents.